IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM McMEIN EHART, JR., Individually and as Personal Representative of the Estate of MAUREEN ANNE EHART, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>LAHAINA DIVERS INC., LAHAINA DIVE & SURF, LLC, CORY DAM, KAITLIN MILLER, and JULIANNE CRICCHIO,<br><br>Defendants. | Civil No. 21-00475 SOM-KJM<br><br>ORDER ON LR37.1 DISCOVERY DISPUTE |

ORDER ON LR37.1 DISCOVERY DISPUTE

The parties are before the Court on an early LR37.1 discovery dispute that presents a single question: whether Plaintiffs are entitled to production of a reservation of rights letter the Defendants received from their insurance carrier on May 23, 2022. ECF Nos. 59, 60. The parties have satisfied their meet and confer obligation. *Id.*

The Court acknowledges that, on its face, Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(A)(iv) merely requires production of the insurance agreement itself, and "does not require the production of other documents relating to the

insurance, such as information regarding the remaining policy limits and information regarding any release of the insurer's obligations under the policy." 6 *Moore's Federal Practice - Civil* § 26.22(4)(d) (3rd ed. 2021) (footnote omitted). The Court also acknowledges the non-binding and frequently unpublished case law both prohibiting and permitting discovery of other insurance-related information in different contexts.

To resolve the instant dispute, the Court's analysis begins with the purpose and effect of a reservation of rights letter. A reservation of rights letter is typically formal notice by the insurer to its insured that the insured's claim may not be covered under the policy, or that the insurer's defense and/or indemnity obligations are limited by the terms of the policy. By providing this letter to the insured, the insurance company gives a clear indication to the insured of the insurer's interpretation of each party's rights and obligations under the policy. The insured may or may not agree with the insurer's interpretation.

For the purposes of Rule 26(a)(1)(A)(iv) initial disclosures and the instant discovery dispute, the Court finds that there is no practical distinction between (i) the insurer's policy commitment to satisfy all or part of a possible judgment, and (ii) a subsequent letter from the insurer reserving rights or limiting its commitment to pay under that policy. Production of both documents—the insurance policy and the reservation of rights letter—serves the "purpose of

requiring the production of insurance documents . . . to permit counsel for all parties to make a realistic evaluation of the case, so that settlement and litigation strategy are based on knowledge of the size of the fund that is available for the satisfaction of any judgment obtained, rather than speculation." *Id*. (footnote omitted). This is exactly what the District Court has ordered—prompt, meaningful settlement discussions.

In reaching this decision, the Court is persuaded by the recent, thoughtful analysis in *Lively v. Reed*, 1:20 CV 119 MOC WCM, 2021 WL 1176049, at *3–4 (W.D.N.C. Mar. 29, 2021) (collecting cases and ultimately requiring production of a "comfort letter" so that plaintiff would be informed of any agreement by the insurer to pay an excess judgment). The Court is likewise guided by FRCP 1 and its mandate that the parties and the Court construe, administer, and employ the rules, including Rule 26, "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The obligations Rule 1 imposes on the parties and the Court come into particular focus on a case with a deceased plaintiff and an eroding defense policy. "[L]awyers—though representing adverse parties—have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes." John G. Roberts, Jr., *2015 Year-End Report on the Federal Judiciary* at 6, available at

https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf (last visited June 2, 2022).

For all of these reasons, the Court orders the Defendants to produce the subject reservation of rights letter forthwith. Defendants may do so pursuant to a Stipulated Protective Order.

Lastly, Plaintiffs' judicial estoppel argument—concerning statements made during impromptu status conferences regarding the scheduling of a settlement conference—is not persuasive. Nor is Defendants' argument that a reservation of rights letter from a liability insurer to its insureds—and their liability defense attorney—is protected attorney work product. The Court also expresses no opinion on the admissibility of the reservation of rights letter.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 2, 2022.

Kenneth J. Mansfield
United States Magistrate Judge