IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM McMEIN EHART, JR., Individually and as Personal Representative of MAUREEN ANNE EHART, deceased,<br><br>            Plaintiff,<br><br>      vs.<br><br>LAHAINA DIVERS INC.;<br>CORY DAM;<br>KAITLIN MILLER; and<br>JULIANNE CRICCHIO,<br><br>            Defendants. | CIVIL NO. 21-00475 SOM-KJM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND ALTERNATIVE MOTION TO CERTIFY AN INTERLOCUTORY APPEAL |

**ORDER DENYING MOTION FOR RECONSIDERATION AND
ALTERNATIVE MOTION TO CERTIFY AN INTERLOCUTORY APPEAL**

**I.      INTRODUCTION.**

On May 10, 2022, this court denied a motion to dismiss filed by Kaitlin Miller and Julianne Cricchio, SCUBA instructors on a SCUBA and snorkeling boat tour of the ocean waters near Molokini Crater.  Maureen Anne Ehart died on that tour.  *See* ECF No. 45.  At the same time as the court declined to dismiss claims, the court struck affirmative defenses asserting waiver/release and assumption of the risk.  *See id.*

On June 6, 2022, Defendants sought partial reconsideration of that order, seeking to have the court revisit the striking of the waiver/release affirmative defense or, alternatively, to have the court certify an interlocutory appeal

with respect to the striking of that defense.  *See* ECF No. 62. That motion is denied.

## II. THE COURT DENIES DEFENDANTS' REQUEST FOR RECONSIDERATION OF THE STRIKING OF THE WAIVER/RELEASE AFFIRMATIVE DEFENSE.

A successful motion for reconsideration must demonstrate why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reconsider its ruling.  *See Barnes v. Sea Haw. Rafting, LLC*, 2020 WL 4722377, at *4 (D. Haw. Aug. 13, 2020); *Matubang v. City & Cty. of Honolulu*, 2010 WL 2176108, *2 (D. Haw. May 27, 2010).  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  See *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998).  The District of Hawaii has incorporated this standard into Local Rule 60.1, which governs motions for reconsideration of interlocutory orders.

Defendants seek reconsideration based on what they call new evidence.  Defendants complain that this court's order addressed the *General Slocum* disaster, which no party had discussed.  That, according to Defendants, renders the facts surrounding that disaster "new evidence."  This court disagrees.

2

Neither evidence nor law can be deemed "new" if it could have been presented at the time of the challenged decision. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Haw. Wildlife Fund v. Cty. of Maui*, 2021 WL 4898661, at *3 (D. Haw. Oct. 20, 2021). There is no question that Defendants could have discussed the *General Slocum* disaster earlier.

*General Slocum* was the name of a steamboat that caught fire off of New York City in 1904. The legislative history of statutes relevant to the affirmative defense in issue here included references to the *General Slocum* disaster. This court's references to the *General Slocum* were part of this court's review of that legislative history.

In its order, this court stated, "The *General Slocum* was chartered to take up to 1,500 passengers from the harbor to a picnic area and back." *See* ECF No. 45, PageID #s 412-13. That is, the passengers were being transported from a harbor to a place at which the passengers were to disembark to have a picnic. The important thing is not that the *General Slocum* was traveling to the picnic area when it caught fire and nearly 1000 people died, but that 30 years after the *General Slocum* disaster, Congress was still receiving testimony referring to it in the context of discussions about day trips to and from the same ports. Recognizing that background, this court stated:

3

More than 30 years after the General Slocum disaster, testimony before Congress with respect to § 183c still referred to the event. For example, discussions about older excursion vessels taking passengers on daily excursions in New York Harbor included references to the General Slocum disaster. Concern was raised that passengers going out on a day's excursion were permitted to go on those outings without knowing in advance which ones were safe and which were not. *See* Hearings Before the Committee on Merchant Marine and Fisheries, House of Representatives, Seventy Fourth Congress, Second Session on H.R. 9969 at 36 (1936). Thus, in enacting § 183c, Congress was well aware of vessels taking passengers on day trips to and from the same port.

Against this backdrop, the House and Senate Reports with respect to § 183c's voiding of waivers noted the testimony regarding the "practice of providing on the reverse side of steamship tickets that in the event of damage or injury caused by the negligence or fault of the owner or his servants, the liability of the owner shall be limited to a stipulated amount." S.R. 74-2061 (May 12, 1936); H.R. 74-2517 (Apr. 28, 2936). The reports indicated that § 183c(a) "is intended to, and in the opinion of the committee will, put a stop to all such practices and practices of like character." *Id.* (emphasis added). In other words, Congress intended to put a stop to all waivers by passengers being transported by ship, not just waivers with respect to passenger transportation from one port to a different port. Given the express intent by Congress to "put a stop to all such practices and practices of like character," this court applies § 30509 not only to the transportation of passengers between Port A and a different port but also to the transportation of passengers from Port A (provided it is in the United States) on an excursion that returns to Port A even if there is no intervening different port.

4

*Id.*, PageID #s 413-14.

Defendants disagree with this court about what Congress intended to put a stop to. That does not mean that this court entered "new evidence" into the record warranting reconsideration. *See Comeaux v. State of Hawaii*, 2007 WL 2300711, at *1 (D. Haw. Aug. 8, 2007) ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (quotation marks and citation omitted)). In fact, matters Defendants now wish this court to examine do not cause this court to change its prior ruling.

The court denies Defendants' motion for reconsideration.

**III.    THE COURT DECLINES TO CERTIFY AN INTERLOCUTORY APPEAL.**

Defendants also seek certification allowing them to immediately appeal this court's striking of their waiver/release affirmative defense. The Ninth Circuit has stated that piecemeal review of cases, except when authorized by Rule 54(b) or 28 U.S.C. § 1292(b), is not favored. *Hartford Fire Ins. Co. v. Herrald*, 434 F.2d 638, 639 (9th Cir. 1970). Rule 54(b) and § 1292(b) provide alternative bases for appeal. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

Rule 54(b) of the Federal Rules of Civil Procedure allows a court to enter final judgment on a claim before final judgment is entered on all claims, stating:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved." *James*, 283 F.3d at 1068 n.6. Defendants are not seeking certification under Rule 54(b).

While Rule 54(b) allows this court to certify a final judgment for appeal with respect to a portion of a case, 28 U.S.C. § 1292(b) allows an appeal of an interlocutory order that raises an important and unsettled question of law that advances the termination of proceedings:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

> termination of the litigation, [the judge] shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Normally, interlocutory orders are not immediately appealable. *James*, 283 F.3d at 1068 n.6. However, "[i]n rare circumstances, the district court may approve an immediate appeal of such an order by certifying that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*

As the parties seeking an interlocutory appeal, Defendants have the burden of demonstrating "exceptional circumstances" justifying a departure from the basic policy of postponing appellate review until a final judgment has issued. *See Coopers & Lybrand*, 437 U.S. 463, 475 (1978). Because § 1292(b) is a departure from the normal final judgment rule, the Ninth Circuit has stated that § 1292(b) should be construed "narrowly." *See James*, 283 F.3d at 1068 n.6.

7

Before the Ninth Circuit will consider whether to exercise its own discretion to permit an interlocutory appeal under § 1292(b), this court must first certify: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Section 1292(b) is primarily intended to expedite litigation by permitting appellate consideration of legal questions that, if decided in favor of an appellant, would end the lawsuit. *See United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Accordingly, controlling questions of law include issues relating to jurisdiction or a statute of limitations, as an appeal from the denial of dismissal based on either, if decided differently on appeal, would terminate a case. *Id.* However, an issue need not be dispositive of the lawsuit to be considered controlling. *Id.* Instead, a "question of law" is controlling if a "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d at 1026. The Ninth Circuit has noted that such issues include questions of "who are necessary and proper parties, whether a court to which a

cause has been transferred has jurisdiction, or whether state or federal law shall be applied." *Woodbury*, 263 F.2d at 787.

> The Ninth Circuit has stated:
>
> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." Id. (footnotes omitted).

*Crouch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Put another way,

> A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

9

"Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Accordingly, "[o]ne of the principal reasons a Court of Appeals will exercise its discretion not to grant applications under section 1292(b) is the likelihood or probability of the appellate court's having to issue multiple opinions on the same or closely related issues of law or fact in the case." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 966 (9th Cir. 1981).

In this case, even assuming that the striking of the waiver/release affirmative defense involves a controlling question of law for which there is a substantial difference of opinion, allowing an immediate appeal would not materially advance the ultimate termination of the litigation. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026. Ehart has asserted both negligence and gross negligence claims. Even if the Eharts' waivers precluded the negligence claim, the gross negligence claim would remain for adjudication, as waivers are not valid with respect to gross negligence under admiralty law. *See Charnis v. Watersport Pro, LLC*, 2009 WL 2581699, at *5 (D. Nev. May 1, 2009) ("Under federal maritime law (and the law of almost all states), owners of recreational boats may disclaim liability

for negligence, but they may not do so for gross negligence." (citing *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016 (9th Cir. 1999) ("We are persuaded, however, that a party to a maritime contract should not be permitted to shield itself contractually from liability for gross negligence.")); *Matter of Rockaway Jet Ski, LLC*, 2016 WL 8861617, at *11 (E.D.N.Y. Dec. 19, 2016) (same); *Jerome v. Water Sports Adventure Rentals & Equip., Inc*. (D.V.I. Feb. 26, 2013) (same). Similarly, under Hawaii law, recreational sport waivers are not valid with respect to gross negligence claims. *See Hambrook v. Smith*, 2015 WL 3480887, at *9 (D. Haw. June 2, 2015) ("Exculpatory clauses intended to limit liability for gross negligence or willful misconduct are prohibited as violative of public policy in Hawaii"). Allowing an immediate appeal would not streamline this case given the litigation necessary even without the negligence claim. In fact, the court expects substantial overlap of evidence with respect to the negligence and gross negligence claims. Allowing an immediate appeal therefore would not materially advance this litigation, and allowing an immediate appeal would lead to the possibility of multiple appeals.

   This court is unpersuaded by Defendants' argument that, if they are found to be correct on appeal after final judgment is entered in this case, they will have to incur the costs of another trial. To the contrary, if a trier of fact finds that

11

Defendants either were or were not negligent and specifically states the damages awarded or not awarded with respect to the negligence claim, that portion of the judgment can easily be disregarded if an appellate court determines that the waiver is valid with respect to the negligence claim.

This court is similarly unpersuaded by Defendants' argument that they might have an insurance policy from which defense costs are being paid, leaving less money to pay any award as litigation costs are incurred. Allowing an immediate appeal might actually increase defense costs as further litigation involving the same facts could still be necessary.

**IV.     CONCLUSION.**

For the reasons stated above, the court denies the motion for reconsideration and the alternative motion to certify an interlocutory appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 13, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Ehart v. Lahaina Dive & Surf LLC*, Civ. No. 21-00475 SOM-KJM; ORDER DENYING MOTION FOR RECONSIDERATION AND ALTERNATIVE MOTION TO CERTIFY AN INTERLOCUTORY APPEAL