IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM McMEIN EHART, JR., Individually and as Personal Representative of MAUREEN ANNE EHART, deceased, | ) ) ) ) ) | CIVIL NO. 21-00475 SOM-KJM ORDER DENYING MOTION FOR STAY PENDING APPEAL |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LAHAINA DIVERS INC.; CORY DAM; KAITLIN MILLER; and JULIANNE CRICCHIO, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

**I.      INTRODUCTION.**

On May 10, 2022, this court denied a motion to dismiss filed by SCUBA instructors who had been on a SCUBA and snorkeling boat tour of the ocean waters near Molokini Crater.  Maureen Anne Ehart was a passenger who died on that tour.  *See* ECF No. 45. Simultaneously with declining to dismiss claims, the court struck affirmative defenses asserting waiver/release and assumption of the risk.  *See id.*

Defendants have appealed as a matter of right the striking of the waiver/release affirmative defense.  The Ninth Circuit has scheduled oral argument in that appeal on February 17, 2023.  *See* ECF No. 97, PageID # 1417.  Defendants seek a stay of this proceeding until the Ninth Circuit decides their pending appeal.  Because any potential prejudice to Defendants can be

alleviated or has not been sufficiently established, their request for a stay is denied.

Defendants first argue that this case should be stayed because, if they prevail on appeal, the dispositive motions cutoff might have passed and they would not be able to file a dispositive motion based on their waiver/release affirmative defense.  However, if Defendants prevail on appeal, they would clearly have good cause to have the Scheduling Order's dispositive motion deadline modified to allow them to file a motion based on their waiver/release affirmative defense.  Of course, if Defendants do not prevail on appeal, no such modification would be warranted.

Defendants next argue that they would not be able to argue the waiver/release affirmative defense at the July 23, 2023, trial if the Ninth Circuit has not yet decided the appeal by that time.  This argument is unpersuasive.  The trial has since been continued to December 12, 2023, *see* ECF No. 94 ("Non-Jury Trial is set for 12/12/23 at 9:00 AM"), and could be further continued to allow the parties sufficient time to prepare for trial if a Ninth Circuit ruling makes that appropriate.  This matter is scheduled for a nonjury trial before this judge, which allows a great deal more flexibility than with a jury trial with respect to how the trial should proceed, what evidence may be introduced, and what arguments may be made.

Defendants next claim prejudice because they might have to defend against a negligence claim. This court has already rejected a similar argument, noting:

> Ehart has asserted both negligence and gross negligence claims. Even if the Eharts' waivers precluded the negligence claim, the gross negligence claim would remain for adjudication, as waivers are not valid with respect to gross negligence under admiralty law. *See Charnis v. Watersport Pro, LLC*, 2009 WL 2581699, at *5 (D. Nev. May 1, 2009) ("Under federal maritime law (and the law of almost all states), owners of recreational boats may disclaim liability for negligence, but they may not do so for gross negligence." (citing *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016 (9th Cir. 1999) ("We are persuaded, however, that a party to a maritime contract should not be permitted to shield itself contractually from liability for gross negligence.")); *Matter of Rockaway Jet Ski, LLC*, 2016 WL 8861617, at *11 (E.D.N.Y. Dec. 19, 2016) (same); *Jerome v. Water Sports Adventure Rentals & Equip., Inc.* (D.V.I. Feb. 26, 2013) (same). Similarly, under Hawaii law, recreational sport waivers are not valid with respect to gross negligence claims. *See Hambrook v. Smith*, 2015 WL 3480887, at *9 (D. Haw. June 2, 2015) ("Exculpatory clauses intended to limit liability for gross negligence or willful misconduct are prohibited as violative of public policy in Hawaii"). Allowing an immediate appeal would not streamline this case given the litigation necessary even without the negligence claim. In fact, the court expects substantial overlap of evidence with respect to the negligence and gross negligence claims.

ECF No. 68, PageID #s 1196-97. In other words, Defendants have not shown that any discovery or trial burden would be materially

increased by having to prepare for and to litigate both negligence and gross negligence claims.

The court is also unpersuaded by Defendants' concern that a nonjury trial will proceed while the appeal is pending, possibly making a second trial necessary.  If the Ninth Circuit takes longer than expected to decide Defendants' appeal, any party may seek to continue the trial (and/or any other applicable deadline) so that there is sufficient to time to prepare for it in light of any Ninth Circuit determination.

For the foregoing reasons, the court denies Defendants' motion to stay this proceeding pending resolution of their interlocutory appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 6, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Ehart v. Lahaina Dive & Surf LLC*, Civ. No. 21-00475 SOM-KJM; ORDER DENYING MOTION FOR STAY PENDING APPEAL