IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM McMEIN EHART, JR., Individually and as Personal Representative of MAUREEN ANNE EHART, deceased,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LAHAINA DIVERS INC.;<br>LAHAINA DIVE & SURF, LLC;<br>CORY DAM;<br>KAITLIN MILLER; and<br>JULIANNE CRICCHIO,<br><br>　　　　Defendants. | CIVIL NO. 21-00475 SOM-KJM<br><br>ORDER DENYING MOTION IN LIMINE SEEKING TO HAVE DEFENDANT CORY DAM'S ADMISSIONS DEEMED ADMISSIBLE AT TRIAL |

**ORDER DENYING MOTION IN LIMINE SEEKING TO HAVE DEFENDANT CORY DAM'S ADMISSIONS DEEMED ADMISSIBLE AT TRIAL**

**I.　　　　INTRODUCTION.**

　　　　Maureen Anne Ehart and her husband, Plaintiff William McMein Ehart, Jr., went on a chartered SCUBA and snorkeling boat tour to Molokini Crater.  Maureen Ehart disappeared while snorkeling on that tour and is presumed to have died.  William Ehart, individually and as personal representative of Maureen Ehart's estate, has brought this wrongful death action, naming as Defendants 1) Lahaina Divers Inc., the owner of the boat; 2) Lahaina Dive & Surf LLC, the operator of the tour boat; 3) Cory Dam, the captain of the tour boat; 4) Kaitlin Miller, a SCUBA instructor on the tour; and 5) Julianne Cricchio, a SCUBA instructor on the tour.

Following the accident, the Coast Guard brought an administrative enforcement action against Captain Dam, seeking to revoke his credentials. Plaintiffs now move for a pretrial ruling that admissions he made in that enforcement action are admissible at trial. *See* ECF No. 144. The court denies Plaintiffs' motion to have the purported admissions to "FACTUAL ALLEGATIONS" in the administrative enforcement action admitted at trial in this case. In so ruling, the court is relying on the present record. As the record expands during trial, Plaintiffs are, of course, free to ask this court to revisit this matter. The present order relates only to Plaintiffs' case in chief and does not address the issue of whether the purported admissions to "FACTUAL ALLEGATIONS" may be used for impeachment.

**II.     BACKGROUND.**

The factual background for this case was set forth in this court's previous orders. *See* ECF Nos. 45 and 68. That background is not repeated here.

Plaintiffs represent that, in November 2022, the Coast Guard issued a 34-page report about the incident involving the Eharts, "summarizing the investigator's findings of fact, opinions, recommendations, deliberations, and conclusions." ECF No. 144, PageID # 1518. They say that they have no intention of offering that report into evidence. *See* ECF No. 144, PageID # 1516.

After the incident, the Coast Guard also brought an enforcement action against Dam, the captain of the vessel.  *See* ECF No. 144-1 (copy of Coast Guard Enforcement Activity Number 7369502).  The enforcement action was "an administrative proceeding" addressing Dam's "credentials and endorsements."  *Id.*, PageID # 1549.  The administrative enforcement action was brought pursuant to 46 U.S.C. § 7703(1)(A) and (B), which states:

> A license, certificate of registry, or merchant mariner's document issued by the Secretary may be suspended or revoked if the holder–
>
> (1) when acting under the authority of that license, certificate, or document–
>
>     (A) has violated or fails to comply with this subtitle, a regulation prescribed under this subtitle, or any other law or regulation intended to promote marine safety or to protect navigable waters; or
>
>     (B) has committed an act of misconduct or negligence[.]

The administrative enforcement action had three bases under the heading "FACTUAL ALLEGATIONS."  The first basis provided:

## FACTUAL ALLEGATIONS

1. **FACTUAL ALLEGATIONS-Violation of law or regulation**

The Coast Guard alleges that:

1. On September 14, 2021, the small passenger vessel DAUNTLESS's (O.N. 1148204) held a Certificate of Inspection (COI), requiring the vessel be manned with a Master and a Deckhand, except "if the provisions of Work Instruction 31 are met, [then] the required deckhand(s) may enter the water while moored or at anchor during in-water passenger activities."

2. On September 14, 2021, at approximately 0845, Respondent moored the DAUNTLESS offshore Molokini Crater, HI, with two deckhands, and eighteen passengers for hire aboard, to conduct in-water passenger activities.

3. At approximately 0850, the two deckhands and fifteen passengers disembarked the DAUNTLESS to engage in a diving excursion, leaving Respondent and three passengers aboard.

4. At approximately 0855, Respondent provided a snorkel safety brief to the three remaining passengers (snorkelers), who then entered the water.

5. At approximately 0905, two of the three snorkelers returned to the DAUNTLESS, leaving the third snorkeler in the water.

6. At approximately 0930, Respondent began assisting divers returning to the DAUNTLESS and failed to maintain sight of the remaining in water snorkeler, in violation of the Watch Keeping requirement of U.S. Coast Guard Sector Honolulu Work Instruction 31; Reduced Manning Criteria for Dive and Snorkel Operations on Inspected Small Passenger Vessels, as incorporated by the DAUNTLESS's COI.

7. Respondent's operation of the DAUNTLESS, in violation of the vessel's COI is a violation of 46 C.F.R. 176.100(b).

8. A violation of 46 C.F.R. 176.100(b) is a violation of a regulation as described by 46 U.S.C. 7703 (1)(A), as defined by 46 C.F.R. 5.33.

9. IN AGGRAVATION: The third snorkeler was not recovered, lost at sea, and presumed dead.

ECF No. 144-1, PageID # 1550.

The second basis stated:

> 2. **FACTUAL ALLEGATIONS-Negligence**
>
> The Coast Guard alleges that:
>
> 1. On September 14, 2021, Hawaii Administrative Rules (Haw. Code R.) § 13-245-9(e), prohibited snorkelers more than one hundred feet away from the diver's flag in the ocean waters of the State of Hawaii, except in cases of emergencies.
>
> 2. On September 14, 2021, at approximately 0845, Respondent moored the DAUNTLESS offshore Molokini Crater, HI, an ocean waters of the State of Hawaii, with two deckhands, and eighteen passengers for hire aboard, to conduct in-water passenger activities.
>
> 3. At approximately 0855, Respondent provided a snorkel safety brief to three passengers (snorkelers) advising them to stay within one hundred yards of the DAUNTLESS, which was displaying the diver's flag, in accordance with Haw. Code R. § 13-245-9(a).
>
> 4. The three snorkelers entered the water.
>
> 5. At approximately 0905, two snorkelers returned to the DAUNTLESS.
>
> 6. The remaining snorkeler was observed at a distance of greater than approximately two hundred fifty feet away from the DAUNTLESS and the diver's flag, in violation of Haw. Code R. § 13-245-9(e).
>
> 7. Respondent failed to take action to recall the snorkeler or direct the snorkeler to return to within one hundred feet of the DAUNTLESS.
>
> 8. Respondent's allowing a snorkeler to continue beyond one hundred feet from the DAUNTLESS and the displayed diver's flag, in violation of HAR 13-245-9(e), is negligence as described by 46 U.S.C. 7703(1)(B) and defined by 46 CFR 5.29.
>
> 9. IN AGGRAVATION; The third snorkeler was not recovered, lost at sea, and presumed dead.

ECF No. 144-1, PageID # 1551.

The third basis stated:

> Page 4 of 6
>
> 3. **FACTUAL ALLEGATIONS-Misconduct**
>
> The Coast Guard alleges that:
>
> 1. On September 14, 2021, at approximately 0905 hours, Respondent had direction and control of the DAUNTLESS offshore Molokini Crater, HI.
>
> 2. A snorkeler was observed at a distance of greater than approximately two hundred fifty feet away from the DAUNTLESS and the diver's flag, in violation of Haw. Code R. § 13-245-9(e).
>
> 3. Respondent failed to take action to recall the snorkeler or direct the snorkeler to return to within one hundred feet of the DAUNTLESS.
>
> 4. Respondent's actions allowing a snorkeler to continue beyond one hundred feet from the DAUNTLESS and the displayed diver's flag, in violation of HAR 13-245-9(e), is negligence resulting in the snorkeler being lost at sea, and presumed dead.
>
> 5. Violation of 18 U.S.C § 1115 is Misconduct as described by 46 U.S.C § 7703(1)(B) and defined by 46 CFR § 5.27.

ECF No. 144-1, PageID # 1552.

On or about April 15, 2022, Dam answered the administrative enforcement action, stating, "Respondent ADMITS all factual allegations." ECF No. 144-1, PageID # 1556. Dam authenticated this answer in his deposition. *See* Depo. of Cory Dam, ECF No. 144-1, PageID # 1577-78. He agreed that he checked the box next to the words, "Respondent ADMITS all factual allegations." *Id.*, PageID # 1581. The certificate of service for the answer states that it was filed with the Administrative Law Judge Docketing Center in person. *See id.*, PageID # 1557. However, Dam says he did not actually file the answer with the Administrative Law Docketing Center. *See* Decl. of Cory Dam ¶ 17. Instead, as discussed below, it appears that it was given to the Coast Guard at or about the same time that Dam settled the matter with the Coast Guard. In any event, the answer need not have been filed to qualify as a statement against interest by a party.

Dam testified that the Coast Guard told him he could agree to a 10-month suspension or the Coast Guard would go to court to revoke his credentials.[1] Dam says that, on April 15, 2022, the day he admitted the factual allegations at issue here, he entered into a consent decree through which he accepted a 10-month suspension. *See* Depo. of Cory Dam, ECF No. 144-1, PageID

---

[1] Plaintiffs object to what the Coast Guard told Dam as hearsay. *See* ECF No. 159. This court need not decide that objection at this time because what the Coast Guard told Dam is irrelevant to the court's ruling.

# 1575. There appears to be no dispute that, in the settlement agreement between Dam and the Coast Guard, which is not before this court, Dam does not admit any liability for the claims in the administrative complaint and that he neither admits nor denies its factual allegations. *See*, *e.g.*, ECF No. 155, PageID # 1683.

Because no party provided the court with a copy of the settlement agreement, this court has no basis for determining whether Dam's answer should be considered part of the settlement agreement. In any event, this court need not make such a determination to rule on the present motion. At a minimum, Dam's answer to the enforcement action and the settlement agreement were executed on the same day and appear to have been executed about the same time.

Defendants' argument that Dam's purported admissions in his answer to the administrative enforcement action are inadmissible rests on 46 U.S.C. § 6308. That statute provides:

> (a) Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

This is not the first time the partes have asked this court to examine the interplay between Coast Guard administrative

enforcement actions under § 7703 and Coast Guard investigations under § 6308.  On January 11, 2023, Magistrate Judge Kenneth J. Mansfield ruled in a discovery dispute that:

> the Complaint, Motion for Approval of Settlement Agreement and Entry of Consent Order, and Settlement Agreement [in the administrative enforcement action]—include or reflect the Coast Guard's factual and legal opinions, recommendations, deliberations, or conclusions.  As such, the Court finds that these three documents are protected from discovery by § 6308(a).
>
> None of the remaining five filings (Return of Service, Cory James Dam's Answer, Notice of Assignment, Amended Notice of Assignment, or Order), or any of the emails, include any information that contains or reflects the report, findings of fact, opinions, recommendations, deliberations, or conclusions.  As such, the Court finds that these filings and emails are not protected from discovery by § 6308(a).

ECF No. 117, PageID # 1463.  No party appealed this order.

Under Rule 72(a) of the Federal Rules of Civil Procedure, "[a] party may not assign as error a defect in the [pretrial nondispositive] order not timely objected to."  Based on this rule, "a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order."  *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).  Similarly, when a party fails to appeal a magistrate judge's pretrial ruling to a district court judge, that ruling governs.  *See also Agena v. Cleaver-Brooks,*

9

*Inc.*, 428 F. Supp. 3d 267, 272 n.1 (D. Haw. 2019) (declining to examine an issue further under Rule 72(a) because a party had failed to appeal a magistrate judge's ruling to the district judge). The court declines Plaintiffs' invitation to reexamine the magistrate judge's ruling despite their failure to timely appeal it.

**III.    ANALYSIS.**

Defendants argue that Dam's admissions in the administrative enforcement action are inadmissible pursuant to § 6308(a). Plaintiffs, on the other hand, argue that the admissions were made in an enforcement action under § 7703 and that § 6308(a) is therefore inapplicable. Before examining whether the admissions fall within § 6308(a), this court examines what those admission are.

Plaintiffs seek a determination that Dam admitted the three alleged violations in the administrative enforcement action. *See* ECF No. 144, PageID #s 1520-22. They believe that everything after the words "FACTUAL ALLEGATIONS," including any admission of liability, is admissible as evidence at trial. *See* ECF No. 144-1, PageID # 1556. As the movants, Plaintiffs have the burden of demonstrating exactly what should be deemed admissible. They fail to demonstrate that Dam admitted liability when he admitted any factual allegations.

10

The form used in the enforcement action includes the words "FACTUAL ALLEGATIONS" instead of "COUNTS." The form does contain factual matters, such as descriptions of what allegedly happened and when events occurred. For example, the form states, "On September 14, 2021, at approximately 0845, Respondent moored the DAUNTLESS offshore Molokini Crater, HI, . . . with two deckhands, and eighteen passengers for hire aboard, to conduct in-water passenger activities." ECF 144-1, PageID # 1551. The allegations also say that a snorkler was seen more than 250 feet from the Dauntless's diver flag. *Id.*

But the form also contains assertions of violations of law. The form says, for example, "Respondent's allowing a snorkler to continue beyond one hundred feet from the DAUNTLESS and the displayed diver's flag, in violation of HAW 13-245-9(e), is negligence as described by 46 U.S.C. § 7703(1)(B) and defined by 46 CFR 5.29." The reference there to Dam's having allowed a snorkler to be more than 100 feet from the Dauntless is a factual allegation. But the reference to a statutory violation involves a matter of law. It is not clear that, in checking a box on the form answer, Dam was admitting legal matters included under the "FACTUAL ALLEGATIONS" heading.

Plaintiffs have not established that Dam clearly and unambiguously admitted liability. Allowing Plaintiffs to introduce the Complaint in the enforcement action so that the

11

jury can determine what Dam admitted to has the strong potential of confusing the jury with respect to factual allegations and assertions of violations of law.  This court determines that the alleged admissions are inadmissible under Rule 403 of the Federal Rules of Civil Procedure.  The probative value of the evidence is substantially outweighed by the unfair prejudice that may arise from it, the potential confusion arising from it, and the possibility that the jury could be misled by what Dam actually admitted.

　　　　　The probative value of the admitted facts is actually relatively small.  The factual allegations in the administrative enforcement complaint do not appear likely to be in dispute.  In Dam's deposition, for example, he testified that he permitted Maureen Erhart to snorkel more than 100 feet from the DAUNTLESS's dive flag.  *See* ECF No. 144-1, PageID # 1580.  While the court recognizes that Plaintiffs may select how best to present their evidence, their selection must not create unfair prejudice or unnecessary confusion.

　　　　　Next, as described above, the parties are bound by the unappealed magistrate judge's nondispositive pretrial ruling.  That ruling determined that the administrative enforcement complaint was protected from discovery by § 6308(a), but that Dam's answer was not protected by § 6308(a).  *See* ECF No. 117, PageID # 1463.  The parties cannot relitigate that ruling via

this motion in limine, as they did not timely appeal the ruling pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. The court understands that Plaintiffs may have chosen not to appeal the discovery ruling because they received the discovery at issue. Nevertheless, the Magistrate Judge did make a ruling on the applicability of § 6308(a) to the administrative complaint and answer.

The Coast Guard administrative complaint contained the Coast Guard's version of facts and conclusions. It listed facts and then asserted that those facts amounted to negligence. Plaintiffs seek to use those facts and assertions of negligence to fix liability in this civil case. While Plaintiffs claim they are only seeking to introduce Dam's admissions in his answer to the administrative complaint, the admissions cannot be determined without examining the administrative complaint itself. That is, what Dam admitted in his answer to the administrative complaint cannot be discerned without reference to the administrative enforcement complaint, which is inadmissible under § 6308(a). Because the administrative complaint cannot be introduced as evidence in this case under § 6308(a), Dam's answer admitting factual allegations would be unintelligible at trial, even if admitted. Plaintiffs' argument that § 6308(a) should not apply to a document created by Dam, rather than by the Coast Guard, is unavailing. Dam's answer cannot be understood without examining

the administrative complaint created by the Coast Guard that contained its view as to the facts and its conclusion that Dam had been negligent.

Nor is the court persuaded by Plaintiffs' argument that there is no prior ruling on the admissibility of documents. Whether or not Magistrate Judge Mansfield ruled on the admissibility of the administrative complaint and answer, he ruled that § 6308(a) applied to the administrative complaint but not to Dam's answer to it.  He has thus already ruled on § 6308(a)'s applicability to those documents, and no party has appealed that ruling.

Magistrate Judge Mansfield's ruling on the applicability of § 6308(a) to the administrative complaint and Dam's answer to it is consistent with a 2018 unpublished Ninth Circuit decision, *Holzhauer v. Golden Gate Bridge Highway & Transportation District*, 2018 WL 3801208 (9th Cir. Aug. 10, 2018).  In that case, the Ninth Circuit examined § 6308(a)'s applicability to an interview summary in which the Coast Guard noted that the captain of a boat had stated that he had not made any calls or texts when a collision occurred.  The Ninth Circuit ruled that the one-page interview summery was admissible such that the captain's statement with respect to calls could be used to impeach the captain when he testified that he had made a call. *See id.*, at *2.  The Ninth Circuit reasoned that § 6308(a) was

14

intended to prevent Coast Guard findings of liability from being used to impose liability in civil contexts. *See id*. (citing 46 C.F.R. § 4.07-1(b) ("The investigations of marine casualties and accidents . . . are not intended to fix civil or criminal responsibility.")). Admission of the one-page summary for impeachment purposes did not violate that purpose because it did not contain the Coast Guard's conclusory comments or judgments on liability and was not used directly to fix civil or criminal liability. *Id.* Instead, the one-page summary was more like a photograph taken by the Coast Guard investigating a matter in that it did not include "findings of fact, opinions, recommendations, deliberations, or conclusions." *See* 46 U.S.C. § 6308. As this court noted earlier in the present order, this court is not here addressing the issue of whether Dam's administrative answer may be used for impeachment purposes.

Similarly unpersuasive is Plaintiffs' citation to *Wentworth v. Cole*, 1989 WL 208287, at *7 (D. Haw. Sept. 1, 1989). That case involved the captain of a vessel who was collaterally estopped from denying he had been negligent given an administrative judge's ruling that he had been negligent. *Wentworth* was decided before § 6308(a) was enacted in 1996 and thus has no bearing on the current motion. *See* Pub.L. 104-324, Title III, § 313(a), Oct. 19, 1996, 110 Stat. 3921.

15

Because this court is reserving ruling on whether any particular factual allegation admitted by Dam may be used to impeach him should he testify differently at trial, the court sets forth here some guidance relating to impeachment. Before using Dam's answer for impeachment purposes at trial, the parties should be prepared to establish that Dam cannot be so impeached through his deposition or other testimony. The court is not here ruling that the availability of deposition or other evidence will automatically preclude use of the administrative answer. Rather, the court is indicating that the availability of other evidence may be a factor in any ruling during trial. If use of the administrative answer is allowed, the party must show Dam the administrative enforcement complaint and ask only whether he admitted to a particular fact in the document, without referring to it as a Coast Guard complaint or offering the Coast Guard complaint into evidence.

**IV.        CONCLUSION.**

For the reasons stated above, the court denies Plaintiffs' motion to have Dam's purported admissions to "FACTUAL ALLEGATIONS" in the administrative enforcement action admitted as admissions by a party opponent.

The court declines Defendants' invitation to strike the administrative enforcement action complaint from the record.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 30, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Ehart v. Lahaina Dive & Surf LLC*, Civ. No. 21-00493 SOM-KJM; ORDER DENYING MOTION IN LIMINE SEEKING TO HAVE DEFENDANT CORY DAM'S ADMISSIONS DEEMED ADMISSIBLE AT TRIAL