IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM McMEIN EHART, JR., Individually and as Personal Representative of MAUREEN ANNE EHART, deceased,<br><br>   Plaintiff,<br><br> vs.<br><br>LAHAINA DIVERS INC.; LAHAINA DIVE & SURF, LLC; CORY DAM; KAITLIN MILLER; and JULIANNE CRICCHIO,<br><br>   Defendants. | CIVIL NO. 21-00475 SOM-KJM<br><br>ORDER AFFIRMING MAGISTRATE JUDGE'S PRETRIAL ORDER DENYING PLAINTIFF'S REQUEST TO MODIFY SCHEDULING ORDER TO REOPEN AND EXTEND DEADLINE TO TAKE DEPOSITION OF DEFENDANTS' EXPERT WITNESS, PHILIP FOTI, M.D. |

**ORDER AFFIRMING MAGISTRATE JUDGE'S PRETRIAL ORDER DENYING PLAINTIFF'S REQUEST TO MODIFY SCHEDULING ORDER TO REOPEN ANDEXTEND DEADLINE TO TAKE DEPOSITION OF DEFENDANTS' EXPERT WITNESS, PHILIP FOTI, M.D.**

## I.   INTRODUCTION.

   Plaintiff seeks to reopen and extend the deadline to take discovery and preservation depositions of Defendants' expert, Philip Foti, M.D. Because Plaintiff does not show good cause for having failed to timely depose Foti, this court leaves unchanged the magistrate judge's order denying that request. That order is neither clearly erroneous nor contrary to law. The court affirms the magistrate judge's order denying Plaintiff's request to modify the scheduling order to allow Plaintiff to depose Foti.

The parties are encouraged to continue to discuss this issue, as both sides appear to have reasons to stipulate to allowing the discovery and preservation depositions of Foti. It is the court's understanding that Foti's health issues have led the parties to envision using a preservation deposition of Foti to substitute for Foti's live appearance at trial. Under this court's nonjury trial procedures, Foti's declaration in lieu of live direct testimony will only be received if he is subject to live cross-examination (or its equivalent), or if Plaintiff does not seek to cross-examine Foti. If necessary, the court will consider a request that, with respect to cross-examination and redirect testimony, Foti be allowed to testify live from his home so long as there is an agreement that he may be sworn in as a witness from the Honolulu courtroom or there is a person who can swear him in from his home.

**II.      STANDARD.**

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to object to a nondispositive magistrate judge's order "within 14 days after being served with a copy" of it. Fed. R. Civ. P. 72(a). It further provides, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Under 28 U.S.C. § 636(b)(1)(A), a district judge may "reconsider" a magistrate judge's nondispositive pretrial order if it is "clearly erroneous or contrary to law." *See CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) ("When a magistrate judge rules on a non-dispositive matter, a district judge may 'reconsider' that ruling only if it is 'clearly erroneous or contrary to law.'"); *see also Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) (stating that § 636(b)(1) provides that a magistrate judge's "decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"). The Ninth Circuit has explained, "Pretrial orders of a magistrate [judge] under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to de novo determination. The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quotation marks and citations omitted). Instead, the court must defer to the nondispositive order by a magistrate judge unless it is "clearly erroneous or contrary to law."

The threshold of the "clearly erroneous or contrary to law" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

3

that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord United States v. Hylton*, 30 F.4th 842, 846 (9th Cir. 2022) (reviewing a district court's findings of facts with respect to a denial of a motion to suppress and stating, "Review under the clearly erroneous standard is significantly deferential, requiring for reversal a definite and firm conviction that a mistake has been committed." (quotation marks and citation omitted)); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 655 (9th Cir. 2009) ("Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." (quotation marks and citation omitted)).

"'A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'" *Green v. Kanazawa*, 2018 WL 5621953, at *3 (D. Haw. Oct. 30, 2018) (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)).

### III.     BACKGROUND.

A nonjury trial in this matter is scheduled to start on June 12, 2024. *See* Fourth Amended Rule 16 Scheduling Order, ECF No. 255, PageID # 2639. With respect to nonjury trials, this court requires a declaration containing direct testimony of a witness to be filed and provided to the court and opposing parties by 4:30 p.m. on the working day before the witness is to

4

be called.  The declaration is received in lieu of live testimony.  The witness must then be made available the following day for live cross-examination, unless no cross-examination is requested.  Re-direct testimony is live when cross-examination is live.  *See* Procedures for Trials Before Judge Susan Oki Mollway ¶ 15(a) (rev. Apr. 4, 2021).

Pursuant to the Second Amended Rule 16 Scheduling Order, the discovery deadline was July 17, 2023.  *See* ECF No. 95, PageID # 1409.  However, the deadline to conduct expert depositions was extended to September 29, 2023.  *See* ECF No. 194, PageID # 1953.

In a stipulation and order filed on July 12, 2023, the parties agreed to modify paragraph 15(a) of this court's trial procedures.  In relevant part, given Foti's circumstances, the parties agreed: 1) that Foti's declaration, ECF No. 189, would be treated as Foti's trial declaration; 2) that Plaintiff could conduct a discovery deposition of Foti, followed by a perpetuation deposition of Foti at least two weeks after the discovery deposition and no later than September 15, 2023; and 3) that Plaintiff could use the perpetuation deposition as Foti's cross-examination at the nonjury trial.  *See* ECF No. 204.

On or about August 9, 2023, the parties informed the court that they were going to conduct a two-day mediation.  *See* ECF No. 220.  The parties had reached an agreement to conduct the

5

mediation the day before, which was the same day as the tragic Lahaina Fire. *See* ECF No. 241-1, PageID #s 2475-76. In light of the mediation, Plaintiff agreed to a "full stop" with respect to expert discovery. *Id.*, PageID # 2476; ECF No. 241-9, PageID # 2500. Plaintiff did not depose Foti.

On September 1, 2023, Plaintiff sent a mediation brief to Defendants. A week later, on September 8, 2023, Defendants cancelled the mediation. *See* ECF No. 241-1, PageID #s 2476-77; ECF No. 241-3. Defendants' letter cancelling the mediation stated, "please let me know whether Plaintiff will stipulate to the continuance [of] current deadlines for expert discovery and pre-trial proceedings. If so, we will prepare a draft Stipulation and Order." ECF No. 241-3, PageID # 2485. It further stated, "Unfortunately, due to Dr. Foti's exigent circumstances, it remains necessary to proceed with preservation of his testimony. Please let me know your ability for a call to plan Plaintiff's examinations." *Id.*

On September 10, 2023, Plaintiff sent an email to Defendants stating, "we cannot and will not agree to continue the trial or extend any of the pre-trial deadlines. We'll be happy to zoom with you Monday about logistics going forward . . . ." ECF No. 241-4, PageID # 2488. Plaintiff did not respond to Defendants' suggestion regarding preservation of Foti's testimony. *Id.*

6

Defendants responded on September 18, 2023, proposing a schedule for the depositions of Plaintiffs' witnesses, but not mentioning Foti.  *See* ECF No. 241-5, PageID # 2491.  Defendants and Plaintiffs held a meeting via Zoom the following day, September 19, 2023.  Plaintiffs told Defendants that they would produce all of the witnesses requested.  *See* ECF No. 241-9, PageID # 2501.

On September 21, 2023, Plaintiff sent an email to Defendants discussing the "preservation deposition."  Plaintiff stated, "Plaintiff certainly does not care if [Foti's] testimony is preserved.  I look forward to Foti live at trial.  If his health is still at issue[,] Plaintiff agrees to his testimony by video as long as the Court agrees."  ECF No. 241-7, PageID # 2495; ECF No. 241-10, PageID # 2506.  Plaintiff also sent Defendants an email on September 19, 2023, stating, "Absent a court order relieving you of the September 28 deadline, you should plan on completing all your outstanding discovery by that date."  ECF No. 241-10, PageID # 2510.

**IV.   ANALYSIS.**

Plaintiff's failure to conduct a preservation deposition of Foti does not mean that his trial declaration will be admitted at trial.  Absent deposition testimony in lieu of live cross-examination or an agreement that no cross-examination is necessary, Foti's trial declaration will only be received if

7

he is subject to live cross-examination.  Accordingly, if Defendants wish to present Foti without live cross-examination, they should explore discovery and preservation depositions of him.

What the court has before it, however, is Plaintiff's request to reopen the expert discovery deadline to take Foti's deposition.  Plaintiff fails to show that the magistrate judge's order denying that request was clearly erroneous or was contrary to law.  Accordingly, this court affirms that order.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent."  The magistrate judge correctly concluded that Plaintiff failed to show "good cause" for having failed to timely depose Foti.  In evaluating whether a deadline may be modified, courts focus on whether a deadline could reasonably be met despite the diligence of the party seeking an extension.  When a party is not diligent, the inquiry should end.  Carelessness does not justify a finding of diligence and provides no reason to extend a deadline.  *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiff fails to show that the reason he failed to timely seek a modification of the expert discovery deadline was justified.

8

First, in July 2023, the parties agreed to modify paragraph 15(a) of this court's trial procedures to allow Foti's trial declaration to be used as his direct testimony at trial and to allow Plaintiff to conduct a discovery and perpetuation deposition of Foti no later than September 15, 2023. Plaintiff did not depose Foti in the month before they agreed to stop expert discovery to conduct a mediation.

Second, when Defendants cancelled the mediation on September 8, 2023, Plaintiff did not timely attempt to depose Foti. Given the two-week requirement between Foti's discovery and perpetuation deposition, Plaintiff could not have completed Foti's depositions by the September 15, 2023, deadline. However, Plaintiff did not even ask Defendants to adjust that deadline or file a motion with this court to adjust the deadline, even though Defendants reminded Plaintiff of the need to schedule Foti's preservation deposition in the same letter that cancelled the mediation. Instead of contacting Defendants to schedule Foti's testimony, Plaintiff, on September 10, 2023, rejected extension of any pretrial deadlines. It appears that Plaintiff was at best careless in failing to schedule Foti's deposition, perhaps because Plaintiff was upset that the mediation was cancelled.

Third, the discovery cut-off was September 28, 2023, and Plaintiff claims to have asked Defendant to allow Foti's preservation deposition before that, on September 20, 2023. *See*

9

ECF No. 241-9, PageID # 2502.  But Plaintiff did not seek the court's help before the expert discovery deadline.  Instead, Plaintiff waited until November 13, 2023, to file a motion.

Under these circumstances, even if the parties agreed to suspend discovery during the mediation process, Plaintiff fails to show that he proceeded diligently with deposing Foti or at least attempting to do so.  Plaintiff does not show good cause to modify the pretrial deadline to allow Foti to be deposed.

While Plaintiff demonstrated significant professional courtesy in setting depositions of Plaintiff's witnesses and experts before the deadline, Plaintiff did not timely seek to depose Foti following the cancellation of the mediation.  Even with Defendants' cancellation of the mediation, Plaintiff had time to seek to depose Foti.  Plaintiff did not timely do so. Instead, on September 21, 2023, Plaintiff sent an email to Defendants saying that Plaintiff did not care if Foti's testimony was preserved and that Plaintiff was looking forward to cross-examining Foti at trial.  Plaintiff reminded Defendants that, absent a court order, Defendants should plan on completing all outstanding discovery by the September 28, 2023, cut-off date.

Under these circumstances, Plaintiff fails to show good cause justifying the modification of the expert deposition deadline.  Because the magistrate judge issued an order that was

10

neither clearly erroneous nor contrary to law, the court affirms that order.

**IV.     CONCLUSION.**

The court affirms the magistrate judge's order denying Plaintiff's request to reopen the expert discovery deadline to allow Plaintiff to depose Foti.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 8, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Ehart v. Lahaina Dive & Surf LLC*, Civ. No. 21-00475 SOM-KJM; ORDER AFFIRMING MAGISTRATE JUDGE'S PRETRIAL ORDER DENYING PLAINTIFF'S REQUEST TO MODIFY SCHEDULING ORDER TO REOPEN AND EXTEND DEADLINE TO TAKE DEPOSITION OF DEFENDANTS' EXPERT WITNESS, PHILIP FOTI, M.D.